## BOSSART *v.* POHL.

## POHL *v.* BOSSART.

PATENTS; INTERFERENCE; APPEALS.

1. Where one of the issues of an interference calls for removable metallic plates inserted in the end of a table, and the senior party testifies that the junior party told him of a suggestion he, the junior party, had received from a third person that involved a removable plate covered with cloth, and thereafter he, the senior party, devised the copper or metallic plate described in the issue, this evidence will be deemed to be equivalent to an admission that the junior party was in possession of the invention before the senior party; and, as a party to an interference will not be heard to claim that a stranger to the interference is the real inventor of the issue and entitled to a patent, the junior party, under such circumstances, will be entitled to an award of priority. (Following *Prindle* v. *Brown,* 24 App. D. C. 114.)

2. Where there was a sharp conflict of the evidence in an interference proceeding as to whether the junior party disclosed the invention to the senior party, and all the tribunals of the Patent Office decided the question in favor of the senior party, this court *affirmed* a decision of the Commissioner of Patents awarding priority to the senior party.

Nos. 473 and 474. Patent Appeals. Submitted March 17, 1908. Decided April 7, 1908.

HEARING on appeals by both parties from a decision of the Commissioner of Patents in an interference case, in which

there were several issues, awarding priority to one of the parties as to certain of the issues and to other party as to the other issues.                    *Affirmed.*

The facts are stated in the opinion.

*Messrs. Gartner & Steward* and *Mr. William Cromwell* for Xaver Bossart.

*Messrs. Chapin, Haywood, & Marble* for Edward Pohl.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the Commissioner of Patents, in interference proceedings, awarding priorities to the respective parties upon the following issues:

"1. In combination, a means for treating the threads with a finishing solution, and a heated metallic body over which the threads are adapted to be drawn after leaving said means, the approach end of the surface portion of said body being removable.

"2. In a. combination, a means for treating the threads with a finishing solution, a heated metallic body over which said threads are adapted to be drawn after leaving said means, said body having a recess in its approach end, and a removable metallic plate arranged in said recess.

"3. In a machine for finishing and lustering textile filaments, a heated body having a contact surface for the threads, and having a part thereof which goes to make up the said surface at the approach end thereof removable.

"4. In a machine for finishing and lustering textile filaments, a heated body having a stationary contact surface for the threads, and provided, also, at its approach end, with a removable contact surface, said stationary and removable surfaces retained in register during the normal operation of the device, whereby the two said surfaces are at such times substantially continuous.

"5. The combination of a suitable support, means for treating the threads in a suitable solution, a heated thread-contact surface, and means for subjecting the threads to a steam bath subsequent to receiving the solution treatment and before reaching said heated surface.

"6. The combination of a suitable support, a heated thread-contact surface, a solution-containing receptacle, and means for subjecting the threads to a temperature intermediate between that of the solution and that of said surface, and for steaming the threads.

"7. The combination of a suitable support, a heated thread-contact surface, a solution-containing receptacle, and means for subjecting the threads to a temperature intermediate between that of the solution and that of said heated surface, and for simultaneously moistening the threads.

"8. In a machine for finishing and lustering textile filaments, the combination with a bath for containing liquid in which the filaments are to be immersed, and a heated contact surface over which the filaments are arranged to travel of an absorber arranged between the bath and the contact surface, said absorber provided internally with heating means.

"9. In a machine for finishing and lustering textile filaments, the combination with a bath for containing liquid in which the filaments are to be immersed, and a heated contact surface over which the filaments are arranged to travel of a heated absorber comprising a felt-covered steam pipe arranged between the bath and the contact surface."

The inventions involved in this controversy consist of improvements on a silk-finishing machine. The machine consists of a tank containing a solution, through which the silk threads are drawn, and a heated table, over which the threads are passed for the purpose of drying the solution. The inventions in question are intended to prevent a deposit or accumulation of the solution on the end of the table next to the tank, which becomes soiled and sticky in the course of use, and thereby prevents the proper operation of the machine. To overcome this defect, the two inventions here in controversy

were made. One of the inventions consists of a movable plate inserted in the end of the table in such a manner that, when an accumulation occurs, the plate can be removed and cleaned. This device is set forth in counts 1, 2, 3, and 4 of the issue. The second invention in issue consists of a steam pipe having a felt-cloth covering called an absorber, which is placed between the tank and the table. The threads, after passing through the tank, pass over this device, which absorbs the surplus solution. This invention is embraced in counts 5, 6, 7, 8, and 9. Both parties to the interference claim the invention of both devices.

As to the removable plate, Edward Pohl alleges conception of the invention on October 1, 1904, disclosure January 16, 1905, and reduction to practice February 1, 1905. Xaver Bossart alleges conception of the invention about January 18, 1905, disclosure about January 20, 1905, and reduction to practice on April 11, 1905. As to the absorber, Pohl alleges conception of the invention on October 1, 1904, disclosure January 1, 1905, but no actual reduction to practice is alleged. Bossart alleges conception about February 20, 1905, disclosure about February 25, 1905, and reduction to practice on April 11, 1905. The matter comes here on appeals by both Pohl and Bossart from the decision of the Commissioner of Patents affirming the decision of the Examiners-in-Chief, who, in turn, affirmed the decision of the Examiner of Interferences, awarding priority of invention to Pohl as to counts 1, 2, 3, and 4, and to Bossart as to counts 5, 6, 7, 8, and 9 of the issue

The contestants appear to be experts in silk manufacture, and were employed during 1904 at the Meding Mills at Paterson, New Jersey. Bossart had installed a number of the machines in the Meding Mills, on which the improvements in question were afterwards made. Pohl and Bossart, together with one Grebs, formed a partnership for the purpose of selling the machines. It appears that there was a good demand for the machines, and the venture was successful. In handling the machines, the improvements involved in the first four counts of the issue were made, and a joint application for

patent thereon was filed on January 26, 1905. The parties seemed to have believed that they had the right to file a joint application, irrespective of who actually invented the device. This application was allowed on September 15, 1905, but was afterwards forfeited. Soon after filing this application, Pohl withdrew from the partnership. On March 22, 1905, Bossart filed his application, here involved, including, however, only the claims for the absorber. On April 13, 1905, Pohl filed an application, including claims for both the removable sectional plate and the absorber. On August 22, 1905, Bossart filed his application, here involved, which includes the claims for the removable sectional plate. On October 14, 1905, Pohl filed another application, based upon the claims for both inventions. The claims of Pohl embraced in his first application were transferred to and included in his second application, which is the one here in interference. It will be observed that, so far as this interference is concerned, Bossart is the senior applicant as to both inventions.

The evidence on behalf of Pohl shows that, on December 26, 1904, he disclosed the removable-plate invention involved in counts 1, 2, 3, and 4. Bossart's evidence as to this invention is to the effect that Pohl told him of a suggestion he, Pohl, had received from one Wadsworth, that involved a removable plate covered with cloth, as described in counts 1, 3, and 4, and that, after receiving the "Wadsworth idea," he, Bossart, devised the copper or "metallic" plate described in count 2. We think the evidence on this point is equivalent to an admission that Pohl was in possession of the invention before Bossart. Whether Wadsworth, upon a subsequent application, would be entitled to the patent as against Pohl, is a matter upon which Bossart cannot be heard. This court, in *Prindle* v. *Brown,* 24 App. D. C. 114, said: "Whether the senior applicant may be entitled to priority of invention as against all persons, is not the issue in an interference case between two claimants of the invention; but the question is whether the junior applicant has established his own claim to priority over that of his opponent."

As to the absorber embraced in counts 5, 6, 7, 8, and 9, Pohl testifies that he disclosed the invention to Bossart, which is denied. Bossart built a machine embodying the invention, of which he claims he told Pohl in March, 1905. This branch of the case turns upon the evidence as to Pohl's disclosure to Bossart. While there is a sharp conflict on this point, we see no reason to overrule the conclusion reached by all three of the tribunals of the Patent Office.

The decision of the Commissioner of Patents, awarding priority of invention of the removable plate to Pohl, and priority of invention of the absorber to Bossart, is affirmed. The clerk is directed to certify these proceedings, as by law required.                                *Affirmed.*